**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| AUDREY RUSSELL, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:18-CV-123-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| Defendant. | : |

**ORDER**

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth, and finally, the Commissioner determines whether the plaintiff's residual functional capacity ("RFC"), age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Audrey Russell applied for disability insurance benefits on November 21, 2014, alleging she became disabled to work on November 6, 2013. Her claim was initially denied on April 2, 2015, and upon reconsideration on June 18, 2015. She timely requested an evidentiary hearing before an ALJ on August 10, 2015, and the hearing was conducted on May 19, 2017. Plaintiff appeared at the hearing with her attorney and gave testimony as did an impartial vocational expert ("VE"). Tr. 16. On November 6, 2017, the ALJ issued an unfavorable decision denying her application. Tr. 13-39. Plaintiff sought review by the Appeals Council but was denied on July 9, 2018. Tr. 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for benefits.

## STATEMENT OF FACTS AND EVIDENCE

On the date the ALJ rendered her decision Plaintiff was fifty-one years of age. Tr. 34. She has a high school general equivalency diploma and past relevant work as a floor layer, assembler of electric motors, automobile body worker, security guard, and machine set-up operator. Finding 6, Tr. 32. In conducting the five-step sequential analysis of her claim, as prescribed in the Commissioner's regulations governing the evaluation of disability applications, the ALJ found, at step two, that Plaintiff has severe impairments of mood disorder and organic mental disorder. 20 C.F.R. § 404.1520 (c). Finding 3, Tr. 18-23. At step three, she determined that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 23-24. Between steps

three and four, the ALJ assessed Plaintiff to have the RFC to engage in medium work with added exertional, postural, environmental, and non-exertional limitations. Finding 5, Tr. 24-32. At step four, she found that this restricted RFC precluded Plaintiff from resuming any of her past relevant work. Finding 6, Tr. 32. The ALJ elicited testimony from the VE that Plaintiff can work as a linen room attendant, counter supply worker, or coffee maker within her restricted RFC and, therefore, found her to be not disabled. Findings 10,11, Tr. 33-34.

## DISCUSSION

In her brief before the Court, Plaintiff raises one contention of error, that the ALJ gave insufficient weight to the opinions of her treating physicians, Drs. Brawner, Doerr and Poling. Pl.'s Br.1, ECF No 13. The Commissioner responds that the ALJ had good cause to give the assigned weight to each treatment provider and her decision is supported by substantial evidence. Comm'r's Br. 1, ECF No. 17. The Court addresses each treatment provider in the order in which Plaintiff raised them. Further, the Court notes that these three are not the only treatment providers Plaintiff has seen for her impairments, but they are the only providers who gave opinions supportive of her claim of disability to work.

**I. Dr. Brawner**

Patricia Brawner, Ph.D., is a psychologist who treated Plaintiff and was her sole mental health provider. Plaintiff began seeing Dr. Brawner on April 24, 2014, after a referral from Drs. Doerr and Poling on April 1, 2014. Tr. 584, 556, 851. The referral was made as part of a worker's compensation claim Plaintiff was pursuing after a closed head injury which occurred in the course of her employment. *Id.* At issue here is Dr. Brawner's

May 9, 2017, opinion—set out in a checklist form—entitled "Medical Opinion Re: Ability To Do Work-Related Activities (Mental)." Tr. 458. In the opinion, Dr. Brawner endorsed mental limitations that would be disabling, including her assessment that Plaintiff has "no useful ability to function" in work-like procedures, would be off task one-quarter of a typical work day, and would be absent from work more than four days per month. Tr. 848-850. The ALJ assigned only "limited weight" to Dr. Brawner's opinions, noting that her records of Plaintiff's care are inconsistent, are merely copied from one visit to the next, are based wholly on Plaintiff's subjective complaints and are unsupported by objective testing. Tr. 27-30.

The Court has reviewed the medical records and opinions of Plaintiff's counseling with Dr. Brawner, and finds that the the ALJ's conclusions regarding Dr. Brawner's opinions are well-supported by substantial evidence. It is the ALJ's responsibility to weigh the evidence, state with particularity the weight she assigns to the medical evidence, and give her *reasons* for doing so. *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987). As to Dr. Brawner, the record makes clear that the ALJ considered her evidence in light of Plaintiff's medical condition as a whole and gave sufficient reasons for discounting her opinions. *Dyer,* 395 F.3d 1206; *Forsyth v. Comm'r of Soc. Sec.,* 503 F. App'x 892 (11th Cir. 2013). The ALJ did not err in her consideration of the medical evidence provided by Dr. Brawner.

**II. Dr. Poling**

Beginning February 11, 2014, Plaintiff was treated by Jon S. Poling, M.D., a neurologist. He completed a medical source statement in May 2017 stating that Plaintiff

is likely to be off task one-quarter of a typical workday, but was unable to predict how many days per month she would miss work due to her impairments. Dr. Poling found Plaintiff likely to need unscheduled breaks during the workday but also found her capable of low stress work. Tr. 794-96.

The ALJ assigned "limited weight" to Dr. Poling's findings. Tr. 20. She explained her reasons for doing so, noting first that shortly before Dr. Poling completed the May statement, he found Plaintiff to be have benefited significantly from Botox treatment for her complaints of migraine headache, expressing her improvement rate at eighty-nine percent. Tr. 20. From a baseline of thirty migraine headaches per month of durations exceeding four hours, she was able to report only ten headaches between November 16, 2016 and January 26, 2017. Tr. 797-800. Dr. Poling also deferred in his clinical notations any findings about whether, and how, Plaintiff's psychological conditions affected her physically. Tr. 795. Plaintiff reported to Dr. Poling that she was trying to be more active and develop hobbies, and was stretching and performing home exercises. Tr. 20.

Clearly, the ALJ was required to resolve the conflicting evidence in Dr. Poling's records and conflicts between Plaintiff's reports and very substantial improvement and Dr. Poling's May 2017 statement. Conflicts in the evidence are resolved by the ALJ. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 2005). The Court cannot substitute its judgment for that of the Commissioner, and when the Commissioner's factual findings are supported by substantial evidence she must be affirmed even if a court may have decided otherwise. *Bloodsworth,* 703 F.2d at 1239 (11th Cir. 1983). The ALJ's decision to afford limited weight to Dr. Poling's opinion is well-supported by substantial evidence

7

and adequately explained in her written decision. The Court finds no error in how the ALJ assigned weight to the evidence provided by Dr. Poling.

**III. Dr. Doerr**

From December 16, 2013, through May 9, 2017, Plaintiff was a patient of Christopher Doerr, D.O., an orthopedist. She began treating with Dr. Doerr for her employment-related injury after being seen initially in a hospital emergency room on November 8, 2013—a week after the work injury occurred. Tr. 437. Magnetic resonance imaging ("MRI") showed no acute injury, although Plaintiff complained of neck pain and muscle spasms. Dr. Doerr recommended physical therapy and ordered a neuropsychological evaluation because Plaintiff also complained of mood changes after the accident in a December 31 follow-up. Tr. 446. The course of treatment provided by Dr. Doerr was conservative, primarily with recommendations for physical therapy. Dr. Doerr specifically recommended exercise, including walking and swimming, in June 2014 after Plaintiff was discharged from physical therapy due to missing appointments. Tr. 450, 453. When Plaintiff saw Dr. Doerr again in December 2014, she reported "zero" pain after the Botox injections provided by Dr. Poling. Tr. 658. On May 9, 2017, Dr. Doerr indicated, in a medical source statement, that Plaintiff required a job that permitted walking about and unscheduled breaks, and that Plaintiff would be off-task twenty-five percent of the workday, would be absent more than four times per month, and could not sit, stand, or walk for any period over an eight-hour day. Tr. 961-63.

The ALJ gave Dr. Doerr's opinion only limited weight. Tr. 21. She found that Dr. Doerr's statement conflicted with other record evidence and notes from Plaintiff's physical

8

therapy regimen. Plaintiff reported normal strength in her elbows, wrists, and hands, stated that she felt she was improving, and had normal gait and lumbar lordosis. Tr. 21.

The ALJ also found that Dr. Doerr's statement conflicted with the daily activities Plaintiff testified to at the evidentiary hearing. While a claimant can be disabled despite seemingly ordinary daily activities, Plaintiff keeps a farm with what she described as "a lot of animals," including several horses, by herself and mows her lawn, and takes her grandchildren to school daily. Tr. 46, 47, 71. Dr. Doerr, as the ALJ pointed out, had prescribed exercise for Plaintiff including swimming, walking, and outdoor activity. Tr. 23. This is a daily routine establishing abilities far beyond what Dr. Doerr stated Plaintiff can do. When the ALJ decides to discount a treating physician's opinions and explains her reasons, the Court must affirm the ALJ if her reasons are supported by substantial evidence. *Phillips,* 357 F.3d 1232; *Lucas v. Sullivan,* 918 F.2d 1567, 1574 (11th Cir. 1990). There is no error in how the ALJ assigned limited weight to Dr. Doerr's conclusions.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 27th day of March, 2019.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE

9